**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000051
19-JAN-2021
07:55 AM
Dkt. 53 SO**

NO. CAAP-18-0000051

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


SG, Petitioner-Appellee,
v.
BA, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 17-1-2977)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Respondent-Appellant BA (**Father**) appeals an Order for Protection entered by the Family Court of the First Circuit (**family court**)[1] on January 10, 2018, which bars him from having any contact with his daughter (**Child**) and Petitioner-Appellee SG (**Mother**) until January 10, 2019, and Mother's child from a previous relationship (**Older Child**) until January 10, 2023. As to Child, however, Father was allowed supervised visitation and weekly Facetime contact.

Father asserts that the family court erred in making a finding of domestic abuse and entering the Order for Protection against him. Specifically, Father asserts that the family court erred in: (1) permitting Mother to testify regarding a statement made by Older Child's therapist describing a statement made by Older Child; (2) entering findings of fact (**FOF**) 9 and 10 in the Order for Protection; and (3) entering conclusions of law (**COL**)

---

[1] The Honorable Steven N. Nakashima presided.

4-6 in the Order for Protection.  Father requests that the Order for Protection be reversed.

Upon careful review of the record and Father's opening brief,[2] and having given due consideration to the arguments advanced and the issues raised, we vacate the Order for Protection.

On December 1, 2017, Mother filed a Petition for an Order for Protection against Father, making several allegations of domestic abuse by Father against Mother, Child, and Older Child, in the form of physical harm, extreme psychological abuse, and threat of imminent physical harm, bodily injury, or assault.

The family court issued a temporary restraining order (**TRO**) against Father.  The hearing on Mother's petition was held on January 8 and 10, 2018.  Both parties testified at the hearing.  The social worker from the Department of Human Services (**DHS**) Child Welfare Services who prepared the report for this matter also testified.  The exhibits presented at trial included the December 29, 2017 DHS report prepared by the DHS social worker.

On January 10, 2018, the family court issued the Order for Protection in favor of Mother and Child for a period of one year (until January 10, 2019), and in favor of Older Child for a period of five years (until January 10, 2023).

On April 10, 2018, the family court filed its Findings of Fact and Conclusions of Law (**FOF/COL**).  Relevant to this appeal are the following FOFs and COLs:

A. Findings of Fact

. . . .

3.    The Parties started their relationship with each other in or about September 2014.

4.    At the time the relationship started [Mother] had a daughter, [Older Child] (born in 2006), from a prior relationship . . . .

---

[2]    Mother did not submit an answering brief.

5.    In 2016, the Parties had a child, [Child], who was born in Hawaii.

. . . .

8.    On or about May 2017, [Father] forcefully removed [Child] from [Mother's] arms and took off with her up the stairs in what appeared to [Mother], an attempt to run off with [Child] as he had threatened to previously do. [Mother] was able to catch up with [Father] and get [Child] from [Father] back into her care. There was a dispute as to what took place in this incident, however, the Court gave credence to the testimony of [Mother] as to what had occurred in that [Father] was attempting to run off with the child.

9.    The Court also gives credence to the incident involving the choking of [Older Child] which [Older Child] reported to [Mother] in June 2017 and which [Older Child] confirmed did occur to the [DHS social worker]. The report to [the DHS social worker] was consistent with the report that had previously been made to [Mother]. Issues were raised by [Father] regarding whether [Older Child's] perception about what had occurred may have been taken out of context or distorted by [Older Child] due to her previous diagnosis of post-traumatic stress disorder. However, no competent evidence was ever presented that any post-traumatic stress disorder issue was affecting [Older Child's] perception of events or had distorted [Older Child's] perception of the events leading up to her statement of being choked by [Father].

10.    Accordingly, the Court makes a finding of domestic abuse by [Father] against [Mother], and the two children by a preponderance of the evidence and the Court finds that [Father] has failed to show cause why the Temporary Restraining Order should not be continued.

B. Conclusions of Law

. . . .

4.    Based on the findings above, [Father] has failed to show cause why the Temporary Restraining Order should not be continued, and [Mother] has shown by a preponderance of the evidence that domestic abuse has occurred.

5.    Accordingly, the Court orders that a Protective Order is necessary to prevent domestic abuse or the reoccurrence of domestic abuse and is necessary for a time period of 5 years as to

3

[Older Child], up to and including January 10, 2023, and is necessary for a time period of 1 year as to [Mother] and [Child], up to and including January 10, 2019.

6. Further orders are specifically set forth in the Order for Protection that was filed on January 10, 2018 and those orders are fully incorporated herein, including, among other things, orders that allow for Facetime contact and PACT (Parents and Children Together) supervised visits between [Child] and [Father].

Father first asserts that the family court erred in admitting, over his hearsay objection, Mother's testimony that Older Child's therapist said that Older Child told her that Father choked Older Child. The therapist did not testify. Mother testified as follows:

A. . . . [Older Child's therapist] informed us that [Older Child] had told her some things in that session that were very concerning, and that as a mandatory state reporter she had to contact Child Protective Services. So --

Q. What happened after?

A. She told us that [Older Child] disclosed that [Father] had --

[FATHER'S COUNSEL]: Objection. Hearsay.

[MOTHER'S COUNSEL]: Your Honor, again, this is to explain the actions (inaudible) with the psychiatrist. Not to assert that while the statements are not being offered to assert that [Father] did any such action. Again, this is to explain the actions of my client.

THE COURT: You know, given that this has already come out in the testimony of [the DHS social worker], I'm going to allow it because based on what you're saying in terms of the reporting and then what happened subsequent, so you can go ahead.

THE WITNESS: [Father] had choked her; that at that time she was able to give us kind of a timeframe but wasn't able to recall an exact date. That because she had made the allegation that [Older Child's therapist] had to contact [Child Protective Services (]CPS[)] to make the claim on [Older Child's] behalf which we did.

4

On appeal, Father challenges the admission of Mother's testimony as "double hearsay," where Mother described a statement by Older Child's therapist to Mother which in turn described an alleged statement by Older Child to the therapist regarding the choking incident. We note that while a general hearsay objection was preserved, a specific double hearsay objection was not raised or argued below.

Hawai'i Rules of Evidence (**HRE**) Rule 801 (2016) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally not admissible. HRE Rule 802 (2016).

Mother's statement was not offered for the prohibited hearsay purpose of proving that Father had choked Older Child. The purpose of the testimony was to establish the basis for Mother's subsequent testimony regarding the events and actions taken by Older Child's therapist in calling CPS with Mother, Father, and Older Child; the family court allowed it on this basis.

Father argues that, to the extent Mother's testimony was not offered for its truth, it could not constitute a basis to support the family court's findings and conclusions that the choking incident occurred, or that Father engaged in domestic abuse. Father's argument has merit. While it was permissible for the family court to admit Mother's testimony regarding the circumstances of Older Child's initial report of the choking incident for a non-hearsay purpose, the family court did not conform its consideration of this evidence to its own ruling. The family court erred by improperly utilizing this evidence substantively for the "truth of the matter asserted" in violation of the hearsay rule. HRE Rule 801.

The family court made a credibility determination based on substantive consideration of this inadmissible hearsay evidence. There were only two witnesses, Mother and the DHS social worker, through which the evidence of Older Child's

choking allegation was elicited. In its oral ruling granting the Order for Protection,[3] the family court accorded less weight to the DHS social worker's testimony of Older Child's report of the choking incident, acknowledging that the social worker had not specifically determined that the choking incident was abuse. The family court also found that Mother was "credible" and that Older Child's earlier report to the therapist lent "more credibility" to Older Child's report of the choking incident. This credibility ruling reflects an improper utilization of Mother's testimony for a prohibited hearsay purpose, when it was admitted only for a non-hearsay purpose.

In the written findings and conclusions issued after the hearing, specifically FOF 9, the family court also improperly

---

[3]    At the conclusion of the hearing, the family court orally granted the request for the Order for Protection and explained, in relevant part:

> [W]hat it really comes down to is the question of who do I believe because it's very clear that [Father] is denying that he has done anything physical; that he has done anything wrong. . . .
>
>          . . . .
>
>     I -- I'm looking at the report by [the DHS social worker] and, really, you know, the -- what she is saying is that there's no evidence to indicate that [Father] has been abusive towards their child [Child]. She's not saying anything with respect to [Older Child]. She's saying -- and I don't know that she really has made any determination with respect to [Older Child]. She says there's information that indicates that [Older Child] has had negative interactions with [Father] that may have contributed to increase anxiety and stress for which she receives treatment.
>
>     [Mother] has taken protective action to ensure [Older Child] is not exposed to [Father's] inappropriate behaviors towards her, meaning towards [Older Child]. . . . And in taking a look at this -- and I'm not necessarily placing a tremendous amount of reliance upon the report of [the DHS social worker]. I think that there's much more involved here. . . . And, quite frankly, I find that, you know, [Mother] is credible, and that her actions in doing what she's doing is really being done for the protection of [Older Child], protection of [Child] and herself. . . . Being the counselor, there's no reason for [Older Child] to necessarily trust the counselor, but it was somebody that she trusted to go ahead and make a statement. And in many ways to me, that gives more credibility to what [Older Child] is stating about this . . . .

(Emphases added.)

relied on Mother's hearsay testimony regarding Older Child's initial report of the choking incident, as being consistent with the subsequent report by Older Child to the social worker, in determining that the choking allegation was credible, as follows:

> 9.   The Court also gives credence to the incident involving the choking of [Older Child] which [Older Child] reported to [Mother] in June 2017 and which [Older Child] confirmed did occur to the [DHS social worker].  The report to [the DHS social worker] was consistent with the report that had previously been made to [Mother].  Issues were raised by [Father] regarding whether [Older Child's] perception about what had occurred may have been taken out of context or distorted by [Older Child] due to her previous diagnosis of post-traumatic stress disorder.  However, no competent evidence was ever presented that any post-traumatic stress disorder issue was affecting [Older Child's] perception of events or had distorted [Older Child's] perception of the events leading up to her statement of being choked by [Father].

(Emphasis added.)  This finding reflects an improper utilization of Mother's testimony for a prohibited hearsay purpose when it was admitted only for non-hearsay purposes.

Father further contends that FOF 9 is clearly erroneous, in part, because Older Child never reported the choking incident to Mother.  A family court's finding of fact is "clearly erroneous" when "the record lacks substantial evidence to support the finding[.]" W.N. v. S.M., 143 Hawaiʻi 128, 133, 424 P.3d 483, 488 (2018) (citation omitted).  Father's contention has merit, as there is no evidence in the record to support the family court's finding that Older Child reported the choking incident to Mother.  Mother testified that she first heard about the choking incident on June 8, 2017, after Older Child had reported it to her therapist.  Thus, the portion of FOF 9 that found that Older Child reported the choking incident to Mother was clearly erroneous.

Father also contends that there was insufficient evidence to support a finding of domestic abuse with respect to the choking incident in FOF 9, and the resulting finding in FOF 10 that a protective order was necessary.  HRS § 586-1 (2018) defines "domestic abuse" as follows:

> (1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse or malicious property damage between family or household members; or
>
> (2) Any act which would constitute an offense under section 709-906 [(abuse of family and household members)], or under part V [(sexual offenses)] or VI [(child abuse)] of chapter 707 committed against a minor family or household member by an adult family or household member.

Where a party challenges the sufficiency of the evidence to support a family court's decision,

> [t]he question on appeal is whether the record contains "substantial evidence" supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by "credible evidence of sufficient quality and probative value." In this regard, the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.

In re Doe, 95 Hawai'i 183, 196, 20 P.3d 616, 629 (2001) (citations omitted).

Father's challenges to the sufficiency of evidence to support FOFs 9 and 10 have merit. There was a lack of substantial evidence to support a finding of domestic abuse with regard to the choking incident by Father against Older Child, due to the erroneous consideration of inadmissible hearsay evidence, and the lack of evidence regarding Older Child's report to Mother. FOF 9, which contained the findings regarding the choking incident, was clearly erroneous, as it relied on credibility determinations based on inadmissible hearsay evidence, and contained a finding not supported by the record. FOF 10, which made a finding of domestic abuse by Father against Older Child, was also clearly erroneous for these reasons. It is unclear whether the family court would have nevertheless sustained a finding of domestic abuse by Father against Mother and Child in FOF 10, without the finding of domestic abuse based on the choking incident against Older Child.

Father's challenges to COLs 4, 5, and 6 also have merit, as these conclusions stemmed from the clearly erroneous

FOF 9 and FOF 10.  We review a family court's conclusions of law de novo, applying the right/wrong standard.  W.N., 143 Hawaiʻi at 133, 424 P.3d at 488.  COLs 4, 5, and 6, which concluded, inter alia, that further protection was necessary to prevent domestic abuse or the reoccurrence of domestic abuse, were incorrect.

Based on the foregoing, we vacate the January 10, 2018 Order for Protection entered by the Family Court of the First Circuit, and remand for further proceedings as may be necessary.

DATED: Honolulu, Hawaiʻi, January 19, 2021.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Steven J. Kim,
for Respondent-Appellant                /s/ Clyde J. Wadsworth,
                                        Associate Judge

                                        /s/ Karen T. Nakasone,
                                        Associate Judge